UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Zuffa, L.L.C.,                                    Case No. 3:12cv1191

         Plaintiff

   v.                                          MEMORANDUM OPINION
                                                        AND ORDER

Mathew Holtsberry, et al.,

         Defendants


## INTRODUCTION

This matter is before me on the motion of Plaintiff Zuffa, L.L.C. ("Zuffa") for entry of a default judgment pursuant to Fed. R. Civ. Pro. 55 against Defendants Mathew Holtsberry, Paul E. Ward, and Madalex, Inc., (collectively "the Defendants"). For the reasons stated below, Zuffa's motion is granted in part and denied in part.

## BACKGROUND

On May 15, 2012, Zuffa filed suit against the Defendants alleging they violated federal law by illegally intercepting a transmission of "the UFC #129 broadcast, including all undercard matches and the entire television broadcast, scheduled for April 30, 2011" ("the Broadcast") and then displaying the Broadcast in a commercial establishment owned and operated by the Defendants. (Doc. No. 1 at 4-5). Zuffa alleges Holtsberry and Ward are "officers, directors, shareholders, and/or principals" of Madalex, Inc., which does business as the "Players Sports Lounge & Grill & Patio, a/k/a Player's Sports & Spirits, a/k/a Players Sports and Spirits, a/k/a Sports Lounge &

Grill." (Doc. No. 1 at 3). Zuffa states that the Defendants televised the Broadcast on April 30, 2011, inside the Sports Lounge & Grill, and alleges Holtsberry and Ward had supervisory control over the activities that took place within the Sports Lounge & Grill on that day. (Id.) Zuffa asserts that, though it has determined the Defendants illegally intercepted and exhibited the Broadcast, their default has made it impossible to determine the precise manner by which the Defendants accomplished this. (Doc. No. 9-8 at 7). Zuffa states

> [t]here are multiple illegal methods of accessing the Broadcast, including but not limited to, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology . . . can allow commercial misuse of residential broadcasting feeds . . . .

(Doc. No. 1 at 6).

Zuffa also alleges the Defendants violated 17 U.S.C. § 501 *et seq.* by infringing on Zuffa's copyrights in the Broadcast. (Doc. No. 1 at 8-9). Zuffa does not offer argument in support of an award of damages as to these allegations, however. (*See* Doc. No. 9 and Doc. No. 9-8). Accordingly, I will dismiss this claim. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

## STANDARD

### A. FED. R. CIV. PRO. 55

Fed. R. Civ. Pro. 55 governs the entry of both default and default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Pro. 55(a). The clerk's office entered default against Defendants on October 18, 2012. (Doc. No. 12).

2

The clerk's office may enter a default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. Pro. 55(b)(1). Zuffa seeks damages under a federal statute that permits a court to exercise discretion in awarding damages within a specified range. (Doc. No. 9-8 at 10); *see also*, 47 U.S.C. § 605(e)(3)(C). Therefore, Zuffa's motion for a default judgment must be analyzed under Rule 55(b)(2), which governs all cases in which a court enters a default judgment. *See* Fed. R. Civ. Pro. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.")

"An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. Pro. 8(b)(6). "Where damages are unliquidated a default admits only [the] defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (*quoting Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc), *cert. denied*, 464 U.S. 818 (1983)).

**B. 47 U.S.C. § 605**

Federal law prohibits an unauthorized person from "intercept[ing] any radio communication" and divulging or publishing "the existence, contents, [or] substance . . ." of that communication to any person. 47 U.S.C. § 605(a). A court may award damages as provided in § 605(c)(3)(C) and "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(c)(3)(B). A court may award actual damages, or statutory damages of not less than $1,000 or more than $10,000. 47 U.S.C. § 605(c)(3)(C)(i). If the court determines "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of [§ 605(a)]." 47 U.S.C. § 605(c)(3)(C)(ii).

**C. 47 U.S.C. § 553**

A party is liable under § 553 if that party intercepted, received, or assisted in intercepting or receiving "any communications service offered over a cable system, unless specifically authorized to do so . . . ." 47 U.S.C. § 553(a)(1). The court may grant an injunction, award damages, and award costs, including reasonable attorney's fees, if the aggrieved party prevails. 47 U.S.C. § 553(c)(1)-(2).

As with § 605, a court may award actual damages or may award statutory damages of not less than $250 or more than $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). If the court concludes the violation was committed willfully and for the purpose of commercial advantage or private financial gain, the court has discretion to increase the award of damages by not more than $50,000. 47 U.S.C. § 553(c)(3)(B).

## ANALYSIS

Zuffa alleges the Defendants violated § 605(a), § 553(a), or both. The Defendants failed to respond to these allegations and thus are deemed to have admitted them. *See* Fed. R. Civ. Pro. 8(b)(6); *Antoine*, 66 F.3d at 110. Accepting the factual allegations set forth in the Complaint as true, Zuffa has established the elements required to state a claim against the Defendants under § 605(a) and § 553(a). Zuffa is the owner of the Broadcast and entered into licensing agreements for a fee with bars, restaurants, and individuals throughout Ohio. (Doc. No. 1 at 4-5). The Defendants did not pay the required fee or enter into an agreement to obtain the Broadcast lawfully from Zuffa. (Doc. No. 1 at 6). Nevertheless, the Defendants exhibited the Broadcast at the Sports Lounge & Grill. (Doc. No. 1 at 5; Doc. No. 9-4 at 2-3).

**A. DAMAGES**

When a defendant is found to have violated both § 605(a) and § 553(a), the plaintiff is permitted to recover damages only under one or the other. *See, e.g., Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999); *J&J Sports Prods., Inc. v. Trier*, 2009 U.S.

Dist. LEXIS 6415 at *2 (E.D. Mich. 2009). Zuffa has elected to recover damages under § 605(a). (Doc. No. 9-8 at 9).

While it is unclear, it appears that Zuffa believes it is entitled to damages, as well as an assessment of fees and costs, against each defendant individually, with all defendants jointly and severally liable. (Doc. No. 9-13). Based on Zuffa's request, this would constitute a total damage award of $105,000.00, and attorneys' fees and costs of approximately $7,900.00. While § 605(e)(3)(C) permits a damage award up to $110,000.00 and requires the assessment of fees and costs against a party who violates the statute, there is no basis in law or equity for assessing costs that were not incurred or fees that were not earned. Zuffa has produced invoices stating it incurred $300.00 in fees for service of process, $1,983.75 in attorneys' fees, and $350.00 in filing fees, for a total of $2,633.75. (Doc. No. 9-6 at 4; Doc. No. 9-7 at 2). At most, Zuffa is entitled to an assessment of fees in that amount, not three times as much. Further, as I explain below, the circumstances of this case do not warrant damages approaching the maximum permitted by statute. Thus, I will proceed on the premise that Zuffa seeks $10,000.00 in statutory damages under § 605(e)(3)(C)(i)(II) and $25,000.00 in enhanced damages under § 605(e)(3)(C)(ii), as well as fees and costs, against the Defendants jointly and severally. (Doc. No. 9-8 at 12).

### 1. STATUTORY DAMAGES UNDER SECTION 605(e)(3)(C)(i)(II)

As a general matter, statutory damages are awarded when actual damages are difficult to prove. *See, e.g., J&J Sports Prods., Inc. v. Brazilian Paradise, L.L.C.*, 789 F. Supp. 2d 669, 675 (D. S.C. 2011). In determining the appropriate amount of statutory damages, courts use several methods, including considering the licensing fee that should have been paid, multiplying the residential consumer fee by the number of patrons present, or simply awarding a flat amount. *See id.* at 676.

Zuffa did not produce any evidence of the rate the Defendants should have paid in order to obtain and exhibit the Broadcast in the Sports Lounge & Grill, or any estimate as to the number of patrons present in the Sports Lounge & Grill during the Broadcast. Nor did it offer any explanation

5

why the statutory maximum is appropriate in this case. Zuffa argues that § 605 seeks to deter future violations and that requiring the Defendants to pay only what they would have paid had they legally purchased the Broadcast would not accomplish this objective. (Doc. No. 9-8 at 11); *see also, Entm't by J&J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002) (arguing deterrence of future violations is one of the objectives of § 605(e)(3)(C)). Zuffa, however, fails to produce evidence of the price the Defendants should have paid for the Broadcast, and therefore I conclude Zuffa is entitled only to $1,000.00 in statutory damages under § 605(e)(3)(C)(i)(II).

### 2. ENHANCED DAMAGES UNDER SECTION 605(e)(3)(C)(ii)

Enhanced damages are available only when "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, [and] the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000.00 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii). In *Buckeye Cablevision, Inc. v. Sledge*, 2004 U.S. Dist. LEXIS 7578 (N.D. Ohio), the court noted that "[t]he Supreme Court has defined 'willful' in the context of civil statutes as conduct showing 'disregard for the governing statute and an indifference to its requirements.'" *Id.* at 5 (*citing Transworld Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985)).

"Willfulness is readily apparent in cases such as this one where a scrambled signal has been misappropriated for broadcast in a commercial setting." *J&J Sports Prods., Inc. v. Cole's Place, Inc.*, 2011 U.S. Dist. LEXIS 153137 at *4 (W.D. Ky.). In order to receive the Broadcast, the Defendants could not merely sit back and wait; they had to take action to illegally intercept the Broadcast and then to display it on televisions inside the Sports Lounge & Grill.

Further, it seems clear that the Defendants engaged in this conduct "for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The presumptive marketing strategy of establishments like the Sports Lounge & Grill is to provide television entertainment along with food and drink. It is reasonable to infer that the Defendants

6

intercepted and displayed the Broadcast in order to attract customers to the Sports Lounge & Grill or to entertain those already there. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1185 (D. Col. 2008). Even if the Defendants did not charge a cover charge to enter the Sports Lounge & Grill, increase prices on the night of the Broadcast, or institute a minimum purchase amount, the Defendants sought to gain a commercial advantage over their competitors by avoiding payment of the license fee. The plain language of the statute indicates it is the purpose of the action taken, rather than the relative success or failure in achieving that purpose, which constitutes a violation of the statute.

Courts consider a number of factors in determining the appropriate amount of enhanced damages to assess under § 605(e)(3)(C)(ii), including evidence of (1) prior violations, (2) significant earnings by Defendants on the night in question, (3) advertising for the Broadcast, (4) a price premium for food, drinks, or both, and (5) a cover charge to enter the building. *See Kingvision*, 544 F. Supp.2d at 1185; *J&J Sports Prods., Inc. v. Romenski*, 845 F. Supp.2d 703, 708 (W.D. N.C. 2012). There is no evidence of any of these factors in this case. It is true, however, that the Defendants actively engaged in illegal conduct by intercepting and displaying the Broadcast in the Sports Lounge & Grill, and that behavior should not be dismissed without consequence. I conclude an award of enhanced damages under § 605(e)(3)(C)(ii) in the amount of $2,000.00 is an appropriate sanction for the Defendants' willful conduct.

B. **ATTORNEYS' FEES AND COSTS**

Zuffa requests an award of attorneys' fees of $1,983.75 and legal costs of $650.00. (Doc. No. 9-6). Section 605 directs courts to award "the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B(iii). Zuffa filed an affidavit from its attorney accounting for the hours billed on the case. I conclude that both the rates charged – $250 per hour for attorneys and $75.00 for paralegals – and the hours billed – 6.75 attorney hours and 3.95 paralegal hours – are reasonable, and the documentation of hours worked

7

does not contain any frivolous or unreasonable inclusions. (Doc. No. 9-6 at 4-6). The costs incurred are attributable to the $350 filing fee and the $300 fee Zuffa incurred in perfecting service upon the Defendants. (*See* Doc. No. 9-7). Accordingly, I conclude Zuffa is entitled to $2,633.75 in attorneys' fees and legal costs.

## CONCLUSION

For the reasons stated above, Zuffa's Motion for Default Judgment (Doc. No. 9) is granted in part and denied in part. Zuffa is entitled to damages in the amount of $5,633.75, composed of $1,000.00 in statutory damages, $2,000.00 in enhanced damages, and $2,633.75 in attorneys' fees and costs. Count III of the Complaint, alleging violations of 17 U.S.C. § 501 *et seq.*, is dismissed.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge